1  DAVID J. REIS (No. 155782)
   JASON M. HABERMEYER (No. 226607)
2  HOWARD RICE NEMEROVSKI CANADY
       FALK & RABKIN
3  A Professional Corporation
   Three Embarcadero Center, 7th Floor
4  San Francisco, California  94111-4024
   Telephone:    415/434-1600
5  Facsimile:    415/217-5910

6  Attorneys for Defendants
   THOMA CRESSEY EQUITY PARTNERS,
7  INC. and CARL D. THOMA

8  JASON J. CURLIANO (No. 167509)
   MADELINE L. BUTY (No. 157186)
9  BUTY & CURLIANO LLP
   383—4th Street, Third Floor
10 Oakland, California  94607
   Telephone:    510/267-3000
11 Facsimile:    510/267-0117

12 JOHN K. CROSSMAN (Admitted *Pro Hac Vice*)
   ZUKERMAN GORE & BRANDEIS, LLP
13 875 Third Avenue
   New York, New York  10022
14 Telephone:    212/223-6700

15 Attorneys for Plaintiff
   JEANNE PLESSINGER WANG

16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

                          SAN FRANCISCO DIVISION
19

20

21 JEANNE PLESSINGER WANG,                | No. C-05-4694 WHA

                    Plaintiff,             | Action Filed: October 12, 2005
22
       v.                                  | STIPULATED PROTECTIVE ORDER
23
   THOMA CRESSEY EQUITY PARTNERS,
24 INC., CARL D. THOMA and DOES 1-100,
   inclusive,
25
                    Defendants.
26

27

28

STIPULATED PROTECTIVE ORDER                                    C-05-4694-WHA

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties also acknowledge that information designated as confidential has already been exchanged pursuant to a confidentiality agreement between the parties. The confidentiality agreement expires on June 22, 2006. Therefore, the parties agree to re-review any documents or other information already produced to ensure that such information has been produced consistent with and pursuant to the terms of this Stipulated Protective Order. The parties shall have no later than thirty (30) days from the entering of this Stipulated Protective Order to designate which previously-produced information will be subject to the terms of this Stipulated Protective Order. The terms of this Stipulated Protective Order shall apply following the 30-day period.

2. DEFINITIONS

    2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things,

1  testimony, transcripts, or tangible things) that are voluntarily exchanged, produced or
2  generated in disclosures or responses to discovery in this matter.

3      2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how
4  generated, stored, or maintained) or tangible things that qualify for protection under
5  standards developed under Federal Rule of Civil Procedure 26(c).

6      2.4    <u>"Highly Confidential—Attorneys' Eyes Only" Information or Items</u>:
7  extremely sensitive "Confidential" Information or Items whose disclosure to another Party
8  or non-party would create a substantial risk of serious injury that could not be avoided by
9  less restrictive means.

10      2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material
11  from a Producing Party.

12      2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or
13  Discovery Material in this action.

14      2.7    <u>Designating Party</u>:  a Party or non-party that designates information or
15  items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

16      2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated
17  as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

18      2.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are
19  retained to represent or advise a Party in this action.

20      2.10    <u>House Counsel</u>:  attorneys who are employees of a Party.

21      2.11    <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well
22  as their support staffs).

23      2.12    <u>Expert</u>:  a person with specialized knowledge or experience in a matter
24  pertinent to the litigation who has been retained by a Party or its counsel to serve as an
25  expert witness or as a consultant in this action and who is not a past or a current employee of
26  a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to
27  become an employee of a Party or a Party's competitor.  This definition includes a
28  professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors:  persons or entities that provide litigation support services (*e.g*., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.  All notes, memoranda, reports, and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Stipulated Protective Order as though they were designated as Protected Material.

4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g*., to

STIPULATED PROTECTIVE ORDER           C-05-4694-WHA

1  unnecessarily encumber or retard the case development process, or to impose unnecessary
2  expenses and burdens on other parties), expose the Designating Party to sanctions.

3  If it comes to a Party's or a non-party's attention that information or items that it
4  designated for protection do not qualify for protection, that Party or non-party must promptly
5  notify all other parties that it is withdrawing the mistaken designation.

6       5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this
7  Stipulated Protective Order (*see, e.g*., second paragraph of section (a), below), or as
8  otherwise stipulated or ordered, material that qualifies for protection under this Stipulated
9  Protective Order must be clearly so designated before the material is disclosed or produced.

10  Designation in conformity with this Stipulated Protective Order requires:

11      (a)    <u>for information in documentary form</u> (apart from transcripts of depositions
12  or other pretrial or trial proceedings), that the Producing Party affix the legend
13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" on
14  the outside cover or first page of each document or thing.  Parties other than the Producing
15  Party may designate such materials for confidential treatment by written notice.  If only a
16  portion of a document or portions of the material on a page qualifies for protection, the
17  Designating Party must clearly identify the protected portion(s) by making appropriate
18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"
19  designations on the page containing the material for which protection is sought.

20  A Party or non-party that makes original documents or materials available for
21  inspection need not designate them for protection until after the inspecting Party has
22  indicated which material it would like copied and produced.  During the inspection and
23  before the designation, all of the material made available for inspection shall be deemed
24  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party
25  has identified the documents it wants copied and produced, the Producing Party must
26  determine which documents, or portions thereof, qualify for protection under this Stipulated
27  Protective Order, and before producing the specified documents, the Producing Party must
28  affix the appropriate label on the outside cover or first page of each document or thing.  If

1  only a portion or portions of the material on a page with the Protected Material qualifies for
2  protection, the Producing Party also must clearly identify the protected portion(s) (*e.g*., by
3  making appropriate markings in the margins).

4  (b)  for testimony given in deposition or in other pretrial or trial proceedings,
5  that the Designating Party identify all protected testimony on the record, before the close of
6  the deposition, hearing, or other proceeding, or identify all protected testimony within
7  twenty (20) calendar days after receipt of the transcript.  Until expiration of this twenty day
8  period, all such testimony shall be considered and treated as though it is designated
9  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  Only those portions of the
10 testimony that are appropriately designated for protection within the twenty (20) days shall
11 be covered by the provisions of this Stipulated Protective Order.

12 Transcript pages containing Protected Material must be separately bound by the court
13 reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or
14 "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the
15 Designating Party.

16 (c)  for information produced in some form other than documentary, and for
17 any other tangible items, that the Producing Party affix in a prominent place on the exterior
18 of the container or containers in which the information or item is stored the appropriate
19 legend.  If that matter is stored or recorded electronically (including information databases,
20 images, or programs stored on computers, discs, networks or backup tapes) and a legend
21 cannot be affixed upon it, the Designating Party may designate such material as
22 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by
23 cover letter identifying the Protected Material.  Parties other than the Producing Party shall
24 also have the right to designate such materials for confidential treatment in accordance with
25 this Stipulated Protective Order by written notice.  If only portions of the information or item
26 warrant protection, the Designating Party, to the extent practicable, shall identify the
27 protected portions.

28

  5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.  As used in this Stipulated Protective Order, an act is "timely" if it does not unduly prejudice another party.

  6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

  6.1 <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

  6.3 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil

1  Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail
2  the basis for the challenge.  Each such motion must be accompanied by a competent
3  declaration that affirms that the movant has complied with the meet and confer requirements
4  imposed in the preceding paragraph and that sets forth with specificity the justification for
5  the confidentiality designation that was given by the Designating Party in the meet and
6  confer dialogue.

7      The burden of persuasion in any such challenge proceeding shall be on the Designating
8  Party.  Until the court rules on the challenge, all parties shall continue to afford the material
9  in question the protection to which it is entitled under the Producing Party's designation.

10      7.  ACCESS TO AND USE OF PROTECTED MATERIAL

11      7.1  Basic Principles.  A Receiving Party may use Protected Material that is
12  disclosed or produced by another Party or by a non-party in connection with this case only
13  for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material
14  may be disclosed only to the categories of persons and under the conditions described in this
15  Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party
16  must comply with the provisions of section 11, below (FINAL DISPOSITION).

17      Protected Material must be stored and maintained by a Receiving Party at a location
18  and in a secure manner that ensures that access is limited to the persons authorized under this
19  Stipulated Protective Order.

20      7.2  Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise
21  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
22  disclose any information or item designated CONFIDENTIAL only to:

23      (a)  The Receiving Party's Outside Counsel of record in this action, as well as
24  employees of said Counsel to whom it is reasonably necessary to disclose the information
25  for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound
26  by Protective Order" that is attached hereto as Exhibit A;

27      (b)  The officers, directors, and employees (including House Counsel) of the
28  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

   (c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

   (d) The Court and its personnel;

   (e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

   (f) Former employees, officers, partners, or directors of the Parties, provided that such former employees, officers, partners, or directors had access to said material when they held said positions and have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

   (g) Witnesses in the action to whom disclosure is reasonably necessary in preparation for and during their respective depositions, and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A); and

   (h) The author of the document or the original source of the information.

  7.3 <u>Disclosures of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

   (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

   (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (c) the Court and its personnel;

      (d)   Court reports, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation.

    7.4   <u>Maintenance of Signed Agreements</u>.  The Outside Counsel for the Receiving Party wishing to disclose Protected Materials shall maintain the original signed "Acknowledgement and Agreement(s) to Be Bound by Protective Order."

    7.5   <u>Disclosure Not Otherwise Authorized</u>.  In the event that Outside Counsel representing any Party in this action believes that it is necessary to disclose Protected Materials to an individual or entity to whom disclosure is not permitted by this Stipulated Protective Order, such Counsel shall make a written request (delivered by hand, electronic mail or facsimile) to Counsel for the Designating Party identifying the individual to whom it is desired to make such disclosure and the specific Protected Materials involved.  Within five business days of the request, Counsel for the Designating Party may object to such disclosure by delivering by hand, electronic mail, or fax a written objection to Counsel serving the disclosure letter.  Failure to so object constitutes consent to such disclosure.  In the event that a Designating Party objects to such disclosure, such Protected Materials shall not be disclosed to any individual other than those to whom disclosure is permitted by the provisions of this Stipulated Protective Order until such dispute has been resolved by agreement of the parties or by order of the Court.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by hand delivery, electronic mail or facsimile), immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the

subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>FILING PROTECTED MATERIAL</u>

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action (*i.e.*, a court order terminating this action and

from which no appeal is taken), each Receiving Party must return all Protected Material to the Producing Party. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies and not required to return copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, attorney-client communications or attorney work product, even if such materials contain Protected Material, provided that such Counsel take appropriate steps to prevent the disclosure in a manner contrary to this Stipulated Protective Order of such Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  June 20, 2006.

        JOHN CROSSMAN
        ZUKERMAN GORE & BRANDEIS, LLP

    By:  _____/s/_____
        JOHN K. CROSSMAN

Attorneys for Plaintiff JEANNE PLESSINGER WANG

DAVID J. REIS
JASON M. HABERMEYER
HOWARD RICE NEMEROVSKI CANADY
   FALK & RABKIN
A Professional Corporation

    By:  _____/s/_____
        JASON M. HABERMEYER

Attorneys for Defendants THOMA CRESSEY EQUITY PARTNERS, INC. and CARL D. THOMA

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  June 22, 2006.

        _____
        WILLIAM H. ALSUP
        United States District Judge